JENNA C. BAILEY, OSB No. 196215
JBailey@BaileyLawFirmAz.com
**BAILEY LAW FIRM, PLLC**
2169 East Warner Road, Suite 104
Tempe, Arizona 85284
(480) 681-5408 Phone
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| Bill Gaede and Nila Gaede, husband and wife, | Case No.: 3:22-cv-00380-YY |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| Michael DeLay; Anastasia Bendebury; and Biospintronics, LLC | |
| Defendants. | |

Plaintiffs Bill Gaede and Nila Gaede, through undersigned counsel, hereby respond to Defendants' Motions to Dismiss filed July 21, 2022 (Docket 22, 23). Plaintiffs' position is fully set forth in the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Factual Background**

This is an action for copyright infringement and unfair competition under the laws of the United States (the Lanham Act, codified at 15 U.S.C. § 1125, et seq., the Copyright

1
PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Act, codified at 17 U.S.C. § 501, et seq.), and the common law of copyright infringement and unfair competition through false representation. Plaintiff Bill Gaede and Plaintiff Nila Gaede bring this action against Defendants Bandebury and DeLay for their use and profit of the infringing material. (First Am. Compl.)

On January 4, 1999, Plaintiff Bill Gaede registered Why God Doesn't Exist ("WGDE"), authored by Plaintiff Bill Gaede, with the United States Copyright Office of the Library of Congress, TXu000886847/1999-01-04. (First Am. Compl. ¶ 18.) On or about March 25, 2008, Plaintiff Bill Gaede transferred WGDE to his wife Plaintiff Nila Gaede, which was fulfilled at the United States Copyright Office of the Library of Congress, TXu001640102/2008-03-25. (First Am. Compl. ¶ 19.) Plaintiff Nila Gaede transferred WGDE back to Plaintiff Bill Gaede on or about June 26, 2021, at the United States Copyright Office of the Library of Congress, which remains pending. (First Am. Compl. ¶ 20.) Two original works of authorship known as the Rope Hypothesis and Rope Model theory originated in WGDE. (First Am. Compl. ¶ 21.)

Throughout 2018 and 2019, Defendants Bendebury and DeLay referenced Plaintiffs' intellectual material in articles where they explained the physical mechanisms that underlie light, gravity, electromagnetism, and the working of the atom. (First Am. Compl. ¶ 22.) Throughout 2018 to 2019, Defendants Bendebury and DeLay published articles directing readers to their Demystifying Science ("DS") website. (First Am. Compl. ¶ 24.) Defendants Bendebury and DeLay have posted multiple YouTube videos using infringing material from Plaintiff Bill Gaede. (First Am. Compl. ¶ 25.) These YouTube videos have resulted in over 5,000 hits. (First Am. Compl. ¶ 25.) Defendants

Bendebury and DeLay's Facebook page also grew over 5,000 members. (First Am. Compl. ¶ 26.) Throughout this time, Defendants Bendebury and DeLay were also making a profit by requesting donations from their supporters on Facebook and in each article posted using the infringing materials that belongs to Plaintiffs. (First Am. Compl. ¶ 27.)

Once Defendants Bendebury and DeLay were made aware of their use of the infringing material, they continued to hide the material from Plaintiff Bill Gaede. (First Am. Compl. ¶ 29.) Defendants Bendebury and DeLay blocked Plaintiff Bill Gaede on Facebook in order to prevent him from downloading the comments made. (First Am. Compl. ¶ 32.) Then, Defendants Bendebury and DeLay began to edit their blogs and articles with the infringing material in order to replace some key words in the patently copyrighted definitions. (First Am. Compl. ¶ 36.) Next, Defendants Bendebury and DeLay created a second YouTube channel and moved the videos they had created with the infringing material. (First Am. Compl. ¶ 37.) Lastly, Defendants Bendebury and DeLay registered a limited liability company named "Biospintronics LLC" with a post office box as an address. (First Am. Compl. ¶ 38.)

## II.     Law and Argument

Dismissal, as a matter of law, is appropriate only when a plaintiff is not entitled to relief on any interpretation of the facts alleged in plaintiff's complaint. *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955 (2007). Under Or. R. Civ. P. 21, a party may file a motion to dismiss. However, when reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, all allegations of material facts pled in the complaint are to be taken as true and are to be construed in the light most favorable to the nonmoving

party. *Granewich v. Hardin*, 329 Or. 47, 51, 985 P.2d 788 (1999). When adjudicating a motion to dismiss, the asserted defenses must appear on the face of the pleading and cannot extend to outside evidence. Or. R. Civ. P. 21. Defendants have moved for a motion to dismiss on the following three grounds: 1) Plaintiffs do not have subject matter jurisdiction; 2) Plaintiffs do not have standing; 3) Plaintiff does not have material that can serve as a basis for a claim of copyright; and 4) Plaintiffs have not acted in good faith. *See Defendants' Motion to Dismiss the First Amended Complaint*.

## A.  Plaintiffs Have the Required Standing and Subject Matter to Bring a Claim of Copyright Infringement in This Court.

Standing is found when a plaintiff can establish three elements. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561, 112 S. Ct. 2130, 2136 (1992). First, a plaintiff must prove they have suffered an "injury in fact." *Id.* Second, a plaintiff must prove that the defendant caused the injury complained of. *Id.* Lastly, the plaintiff must show that the injury is likely to occur, and that the injury is likely to be redressed by a decision favorable to the plaintiff. *Id.* However, as described in Defendants' Motion to Dismiss, a plaintiff must prove that their complaint is sufficient to invoke federal jurisdiction. Under 28 U.S.C.A. § 1331 and 1338, copyright infringement actions invoke subject-matter jurisdiction in order for federal district courts to have jurisdiction over the claim. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164-65, 130 S. Ct. 1237, 1246, 176 L. Ed. 2d 18 (2010). Pursuant to 28 U.S.C.A. § 1338, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights and trademarks." 28 U.S.C.A § 1338(a).

First, Defendants argue that Plaintiffs do not have subject matter to bring this copyright infringement claim. However, Plaintiff Bill Gaede and Plaintiff Nila Gaede are the sole owners of the copyright to WGDE. As stated above, Plaintiff Bill Gaede transferred the copyright to Plaintiff Nila Gaede in 2008. On June 26, 2021, Plaintiff Nila Gaede transferred the copyright back to Plaintiff Bill Gaede. Plaintiff Bill Gaede and Plaintiff Nila Gaede have followed and completed the required filings and appropriate fees with the Copyright Office of the Library of Congress ("Copyright Office"). Plaintiff Bill Gaede is expecting for the transfer from Plaintiff Nila Gaede to be official soon.

Next, Defendants argue Plaintiffs do not have standing to bring this claim of copyright infringement. However, Plaintiffs are able to show and prove all three elements necessary for standing, which are pled in the First Amended Complaint. First, Plaintiffs have the ability prove they suffered an injury in fact. Plaintiff Bill Gaede has owned exclusive rights to the copyright since 1999, besides during the period of time when the copyright was transferred to Plaintiff Nila Gaede, his wife. Defendants Bendebury and DeLay have used infringing material taken from Plaintiffs in order to gain a following and gain a benefit. Defendants Bendebury and DeLay have reaped the benefits of using the infringed material owned by Plaintiffs.

Second, Plaintiffs' injury is continuously caused by Defendants Bendebury and DeLay. As stated above, Defendants Bendebury and DeLay have performed the following acts, all of which have systematically caused harm to Plaintiffs: (1) publishing articles in various popular scientific magazines; (2) directing readers to their own website; (3) publishing YouTube videos using infringing materials; (4) gaining a following on

Facebook; and (5) requesting donations from their supporters on Facebook and in each article published.

Third, harm is likely to continue to occur if a remedy is not made. Plaintiffs will continue to have material stolen from them by Defendants Bendebury and DeLay due to their continued attempts to obscure Plaintiffs from seeing that the material has been taken from them. Defendants Bendebury and DeLay have continuously tried to hide their infringing acts by: (1) blocking Plaintiffs on Facebook; (2) replacing key words in patently copyright definitions; (3) creating a second YouTube channel to move the infringing videos to; and (4) registering a limited liability company named "Biospintronics LLC" with a post office box as an address. Defendants Bendebury and DeLay have reaped benefits at the expense of Plaintiffs' copyrighted material.

### B.  Plaintiffs Have Established a Copyright Infringement Claim.

The subject matter necessary for copyright protection must be "original works of authorship fixed in any tangible medium of expression, now known or later developed. . . ." 17 U.S.C.A. § 102(a). This includes works of authorship such as "pictorial, graphic, and sculptural works. . . ." 17 U.S.C.A. §102(a)(4). A copyright owner may transfer the copyright "in whole or in part by any means of conveyance or by operation of law. . . ." 17 U.S.C.A. § 201(d)(1). The owner of the copyright is entitled to "all of the protection and remedies accorded to the copyright owner. . . ." 17 U.S.C.A. § 201(d)(2). A Plaintiff can bring a claim for copyright infringement if they can prove: (1) ownership of the copyright; (2) that the Defendants had access to the copyrighted work; and (3) that there exists 'substantial similarity' between Defendants' and the copyrighted

works. *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d (1977). Under 17 U.S.C.A. § 504, a copyright infringement action includes statutory damages that are an automatic minimum damage made by statute. However, this minimum has the ability to be raised substantially if "the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C.A. § 504(c)(2).

Then, Defendants argue that Plaintiffs do not have "material" that can serve as the basis for a claim of copyright infringement. Plaintiff became the original author of WGDE in 1999. WGDE includes pictures as well as writings all originally done by Plaintiff Bill Gaede unless otherwise cited. This work of authorship is a type of work that is protected under 17 U.S.C.A. § 102. The Rope Hypothesis and Rope Model theories were originally authored by Plaintiff Bill Gaede in WGDE. As pleaded in the First Amended Complaint, which all facts pled are taken as true and in light most favorable to the nonmoving party, show these original works of authorship by Plaintiff Bill Gaede taken and infringed by Defendants Bendebury and DeLay.

Plaintiffs are owners of all right, title, and interest in, and to all other copyrightable elements of WGDE. Defendants argue that copyright infringement and breach is not demonstrated; however, as described in the First Amended Complaint at ¶¶ 82-93, Defendants Bendebury and DeLay have performed multiple acts of copyright infringement. Defendants Bendebury and DeLay had access and opportunity to take these materials and infringe upon them for their own benefit. Content on the DS website, Defendants' YouTube channel, and Facebook page are prime examples of the copyright

infringement performed by Defendants Bendebury and DeLay. Plaintiffs have pled sufficient facts to constitute infringement.

### C. Plaintiffs Have Acted in Good Faith and Bad Faith is Not a Cognizable Grounds for Dismissal.

Finally, Defendants argue that Plaintiffs have acted in bad faith to attempt to deceive the Court. However, acting in bad faith is not a legally cognizable theory on which a motion to dismiss can be based. Plaintiffs have pled the facts they believe will be established. Plaintiffs have done so because they suffered harm and to protect their copyrighted works. Plaintiffs' allegations must be taken as true for the purpose of a motion to dismiss. Thus, Defendants' claim of "bad faith" is not legally or factually appropriate, and fails.

## III. Conclusion

Based on the foregoing, there is no lawful basis to dismiss this action, and Plaintiffs therefore respectfully request Defendants' Motions to Dismiss be denied.

Dated this 4th day of August 2022.

**BAILEY LAW FIRM, PLLC**

/s/ Jenna C. Bailey
Jenna C. Bailey (OSB No. 196215)
jbailey@baileylawfirmaz.com
Attorney for Plaintiffs