UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

BILL GAEDE, and NILA GAEDE,
husband and wife,

          Plaintiffs,

    v.

MICHAEL DELAY; ANASTASIA BENDEBURY;
and BIOSPINTRONICS, LLC,

          Defendants.

Case No. 3:22-cv-00380-YY

OPINION AND ORDER

YOU, Magistrate Judge.

      This case involves a copyright dispute over a book about an alternative theory to mainstream physics. Plaintiffs allege that defendants have wrongfully copied ideas from plaintiffs' copyrighted book and used them as their own. Previously, the court dismissed plaintiffs' claims for copyright infringement and unfair competition for failure to state a claim, but gave plaintiffs the opportunity to seek leave to amend their complaint. Order (Dec. 6, 2022), ECF 49. Currently pending is plaintiffs' Motion for Leave to File Second Amended Complaint. ECF 50. Because the proposed amended allegations are still insufficient to state a claim, plaintiffs' motion for leave to amend is denied and this case is dismissed with prejudice.

//

1 – OPINION AND ORDER

I.   **Leave to Amend Standard**

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend] when justice requires." *Id.* The discretion whether to allow leave to amend is guided by the underlying purpose of Rule 15(a), which is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). Thus, leave to amend is to be granted with "extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

However, leave to amend is not automatically granted. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave may be denied "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (simplified). Prejudice is the most important factor. *Eminence Capital*, 316 F.3d at 1052. Futility may support denial of a motion to amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citations omitted).

//

## II.     Discussion

As laid out in the court's previous order on defendants' motion to dismiss, a claim for copyright infringement must establish (1) the plaintiff owns the allegedly infringed work, and (2) the defendant copied protected elements of the work. *Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). The second element of the analysis has two separate parts: copying and unlawful appropriation. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). Copying can be established through direct evidence or by showing that (1) the defendant had access to the copyrighted work, and (2) there is substantial similarity between the copyrighted work and the alleged infringing work. *Id.*; *see also Erickson v. Blake*, 839 F. Supp. 2d 1132, 1135 (D. Or. 2012).

As for "unlawful appropriation," the plaintiff must show that any copying was "illicit," because copyright law does not prohibit all copying. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d at 1069. Copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [the copyrighted] work," but only to the specific creative expression of the ideas or concepts in the plaintiff's work. 17 U.S.C. § 102(b); *see also Rentmeester*, 883 F.3d at 1117. This "idea/expression dichotomy" is a venerable principle emanating from the Constitution itself, which both empowers Congress to "promote the Progress of Science and useful Arts" and protects the free communication of facts. *Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1037 (9th Cir. 2015) (quoting U.S. Cons. Art. I, § 8, cl. 8); *see also Golan v. Holder*, 565 U.S. 302, 328 (2012) ("[E]very idea, theory, and fact in a

copyrighted work becomes instantly available for public exploitation at the moment of publication[.]"); *L.A. News Serv. v. Tullo,* 973 F.2d 791, 795 (9th Cir.1992) ("Copyright law incorporates First Amendment goals by ensuring that copyright protection extends only to the forms in which ideas and information are expressed and not to the ideas and information themselves.")'

Plaintiffs' proposed amendments to the complaint continue to reflect claims over "ideas" and not copyrightable original expression of those ideas. For example, plaintiffs seek to allege that "[i]t is the physical mechanisms themselves — the theories of how the universe works — as expressed in text in WGDE that is the core of this case." Proposed Sec. Am. Compl. ¶ 55, ECF 50-1 (emphasis omitted). Plaintiffs claim that "no theorist on the planet" has ever proposed the theory expressed in WGDE, whereby "all atoms are interconnected by a twined rope-like entity and light is a 3d torsion along this matter." *Id.* ¶¶ 60, 73, 86. But at bottom, while plaintiffs' theory may be unique, the copyrighted work is an attempt to explain naturally-occurring phenomena or otherwise describe plaintiffs' ideas about the way in which the physical world may operate or is arranged. And copyright law simply does not allow plaintiffs to monopoloize a scientific theory, no matter how novel. *See Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-CV-01681-GPC-NLS, 2019 WL 3532294, at *10 (S.D. Cal. Aug. 2, 2019) (rejecting plaintiff's theory of copyright: "if I obtain copyright registration for an article *describing* a scientific discovery, course of treatment, or cell construct, then I also get to prevent others from performing, commercializing, or utilizing the same.").

For example, plaintiffs claim the copyrighted work is the first to "sugges[t] physical interconnectivity between atoms" and that a "physical, twined DNA-like structure binds any two atoms and serves as the conduit for light" and defendants have infringed on the "expression of

4 – OPINION AND ORDER

ideas" by "substitute[ing] key words found in WGDE such as twined, strands, and threads with synonyms such as helix, helical, entwined, filament, extensions, and tails to describe the mediator of light." Proposed Sec. Am. Compl. ¶¶ 77, 86, 88 (emphasis omitted). Plaintiffs further claim that defendants "copied and repackaged all of Plaintiffs' main work regarding the structures and mechanisms underlying light, the atom, electricity, magnetism, mass, and gravity, in some instances even in the exact unavoidable order." *Id.* ¶ 62 (emphasis omitted). These ideas are precisely the kind of scientific theories that copyright law does not protect. *Siegler*, 2019 WL 3532294 at *10 ("Copyright protection is not available for 'scientific or technical methods or discoveries . . . mathematical principles; formulas, algorithms; or any concept, process or method of operation.' ") (quoting *CCC Information Services, Inc. v. Maclean Hunter Market Reports, Inc.*, 44 F.3d 61, 73 (2d Cir. 1994)); *see also Elsevier Inc. v. www.Sci-Hub.org*, No. 15 CIV. 4282 RWS, 2015 WL 6657363, at *5 (S.D.N.Y. Oct. 30, 2015) (explaining that the "idea/expression dichotomy ensures that while a scientific article may be subject to copyright, the ideas and insights within that article are not.") (internal quotation marks omitted).

Copyright law treats fictional and factual works differently. *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 488 (9th Cir. 1984) ("[T]he degree of substantial similarity required to show infringement varies according to the type of work and the ideas expressed in it."). The fundamentals of a fictional story— friends go on a road trip, two people fall in love, or a zombie infestation—can be told in almost limitless ways, so when a new fictional work shares similarities in setting, sequence of events, or characters with a copyrighted fictional work, there is a greater risk of infringement. *Id.* Nonfictional works are different because there are only a limited number of ways to express the fundamental ideas—no one can copyright that the sky is blue or that Abraham Lincoln was born in a log cabin because any

subsequent author that wishes to write on those subjects has no choice but to essentially paraphrase those ideas. *See Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978 (2d Cir. 1980) (holding that an author's theory about how the Hindenburg was destroyed was based on interpretation of historical facts and thus was not copyrightable); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991) (explaining that copyright protection for factual works is "thin").

And plaintiffs' proposed amendments reflect the limits of expression for a factual work. Plaintiffs allege that "[f]or the purposes of physical interpretations, physics requires the definitions of words such as: object, distance, location, motion, exist, and concept," and "no one in mainstream physics ever identified these specific words individually or as a set, and . . . no one defines them as in WGDE." Proposed Am. Compl. ¶¶ 58, 66, ECF 50-1. According to plaintiffs, defendants "copied and repackaged all of Plaintiffs' main work regarding the structures and mechanisms underlying light, the atom, electricity, magnetism, mass and gravity" in part because defendants "had no choice but to copy Plaintiffs' definition of the key word object . . . and strategic word concept," they "could not readily avoid the strategic term torsion" and "could not easily elude synonyms such as interconnection, connected, bind, bound, [or] coupled[.]" *Id.* ¶¶ 78–80, 89–90. But the very purpose of "publishing a book on science or the useful arts is to communicate to the world the useful knowledge which it contains." *Baker v. Selden*, 101 U.S. 99, 103 (1879). That purpose, along with the constitutional command that Congress use copyright law to "promote the progress of science," U.S. Cons. Art. I, § 8, cl. 8, would be frustrated if plaintiff Bill Gaede "is the only theorist on the planet" who is allowed to discuss the theory "that a physical, twined, DNA-like structure binds any two atoms and serves as the conduit for light[.]" Proposed Am. Compl. ¶ 86.

Having established that the ideas and theories in plaintiffs' work are not protectible, the next task is to determine whether the alleged similarities between the various posts and videos on defendants' website and the text excerpts from plaintiffs' book are sufficient to state a claim for copyright infringement. When it comes to factual works, the "similarity of expression may have to amount to verbatim reproduction or very close paraphrasing before a factual work will be deemed infringed." *Landsberg*, 736 F.2d at 488. None of the proposed amendments to the complaint identify any verbatim copies of plaintiffs' work. Instead, plaintiffs allege that defendants use "illusory" changes to plaintiffs' original expression of the ideas in WGDE. Prop. Am. Compl. ¶¶ 101, 106. The following proposed allegation is exemplary of plaintiffs' claimed infringement:

> Plaintiffs' copywritten work WGDE includes the following text:
>
>> "The electron shell encapsulates the hydrogen atom. The entire surface of the electron balloon consists of locations where the threads fork out. Light is a DNA-like entity, a two-strand rope. Ropes arriving from every atom in the Universe end at the electron shell. The EM ropes coming straight out of an electron shell extend radially and end in every atom in the Universe. When it pumps, an atom sends and receives torque signals to and from every atom in the Universe. This spherical wave is really the aggregate of torque signals traveling along each rope connected to the atom."
>
> Defendants infringed in Plaintiffs' expression of ideas above with the following from their DS website:
>
>> "The surface of the atom is the electron shell. These surfaces [are] called electron shells (e-shell) or orbitals. We represent extensions of the electron shell as incredibly thin filaments, radially organized about… the surface of the atom. We illustrate helically entwined filamentary extensions of each e-shell. We'll use our nodal atomic model to explain..."

Prop. Am. Compl. ¶¶ 96–97. But apart from how the two passages seem to be describing the same theory about physical phenomena, there is very little similarity in the expression of the

7 – OPINION AND ORDER

underlying idea. *Landsberg*, 736 F.2d at 489 (finding no copyright infringement where the similarities between the works were "no more than the similarity that must unavoidably be produced by anyone who wishes to use and restate the unprotectable ideas contained in [the copyrighted] work"); *Data East USA, Inc. v. Epyx, Inc.*, 862 F.2d 204, 208 (9th Cir. 1988) ("To the extent the similarities between plaintiff's and defendant's works are confined to ideas and general concepts, these similarities are noninfringing.").

Furthermore, the proposed amendments reflect that defendants "repackaged" plaintiffs' theories in different blog posts and videos that are part of a larger collection of information and media on defendants' website. *See* Prop. Am. Compl. ¶¶ 101, 127, 136. In other words, plaintiffs do not allege that defendants made verbatim copies of the WGDE book, but rather that defendants used the theories in plaintiffs' book to create different media that used synonyms or different words to explain plaintiffs' ideas. Prop. Am. Compl. ¶¶ 101, 106; *cf. Elsevier*, 2015 WL 6657363 at *2, *6 (granting preliminary injunction against defendants who allowed website users to download copies of plaintiff's scientific articles using a proxy that avoided plaintiff's paywall system).

So while some of the passages from defendants' website may arguably be characterized as "paraphrasing" plaintiffs' work, the allegations fail to show that defendants engaged in the type of wholesale copying of plaintiffs' specific expression of the ideas in the copyrighted work to support a claim for infringement of a nonfiction work. *See Seigler*, 2019 WL 3532294 at *9 ("Thus, the law affords no protection over uncopyrightable subject matter unless defendants 'bodily appropriate' the plaintiff's expression thereof by engaging in a 'virtual duplication of a plaintiff's entire work.' ") (internal citation omitted). As explained in the court's previous order dismissing plaintiffs' First Amended Complaint, "no matter how much original authorship the

8 – OPINION AND ORDER

work displays, the facts and ideas it exposes are free for the taking. The very same facts and ideas may be divorced from the context imposed by the author, and *restated or reshuffled by second comers*, even if the author was the first to discover the facts or to propose the ideas." *Feist*, 499 U.S. at 349 (simplified) (emphasis added). That is precisely what plaintiffs' allege that defendants did here, and thus the proposed amended complaint does not allege a legally sufficient claim for copyright infringement.

Plaintiffs' proposed amendments to their unfair competition claims, which attempt to clarify that defendants' "modifications are illusory" and thus "constitute[] a mere repackaging" of plaintiffs' protected work, fare no better. Prop. Am. Compl. ¶¶ 171, 173, ECF 50-1. The authority plaintiffs cite in support of their motion for leave for amend conclusively establishes the futility of plaintiffs' proposed amendments to their unfair competition claim. Mot. Leave Am. 5, ECF 50 (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31 (2003)). The defendant in *Dastar* made "arguably minor" modifications to a video series in the public domain, such as editing the film to about half the original length, creating a new opening sequence and credits page, and other small changes. *Id.* at 26–27, 31. The defendant then labeled the video tapes as its own and sold them in the marketplace. *Id.* at 32. The Supreme Court held that the plaintiffs could not prevail on their unfair competition claim under the Lanham Act because the defendant represented to consumers that the new videotapes had "originated" from the defendant. *Id.* at 38; *see id.* ("[W]e conclude that the phrase ["origin of goods"] refers to the producer of the tangible goods that are offered for sale, and not the author of any idea, concept, or communication embodied in those goods."). That is the same thing that plaintiffs allege here: that defendants made "illusory" (or "arguably minor") changes to plaintiffs' work, and then

9 – OPINION AND ORDER

packaged the new works as originating from defendants. No Lanham Act claim can rest on such allegations.

"Claims should be dismissed with prejudice only when it is clear that no amendment could cure a defect in the complaint." *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009), *as amended* (Aug. 20, 2009). Here, plaintiffs have been given repeated opportunities to amend their complaint, but it is clear that they cannot state a claim for relief. Therefore, this case is dismissed with prejudice.

**ORDER**

Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF 50) is denied. The proposed amended allegations are futile because plaintiff has again failed to demonstrate that defendants' works are sufficiently similar to the protectable portions of plaintiffs' copyrighted work to state a claim for copyright infringement. Moreover, plaintiffs have again failed to allege facts sufficient to state a claim for unfair competition under the Lanham Act. Because plaintiffs have been given repeated opportunities to allege a claim for relief, and it is clear that no amendment would cure the defects in the complaint, this case is dismissed with prejudice.

DATED March 1, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge